IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
SOUTHERN DIVISION

**UNITED STATES OF AMERICA**

v.                                      **CRIMINAL NO. 1:18CR157-LG-JCG-1**
                                                        **CIVIL NO. 1:22CV173-LG**

**CHARLES KEITH MUELLER**

## ORDER DENYING DEFENDANT'S LETTER MOTION

**BEFORE THE COURT** is the [56] Letter Motion filed by the defendant Charles Keith Mueller in which he asks the Court to vacate his sentence. The Court entered an [57] Order taking Mueller's Motion under advisement. The Court advised Mueller that it intends to treat his Letter Motion as a Motion to Vacate, Set Aside, or Correct Sentence under 28 U.S.C. § 2255. The [57] Order imposed a deadline of August 15, 2022, for Mueller to either withdraw the Letter Motion or file an amended 2255 Motion using the correct form, which was provided to Mueller by the Clerk of Court.

The copy of the Order mailed to Mueller was returned as undeliverable. On August 23, 2022, the Clerk of Court obtained Mueller's updated address from the Bureau of Prisons and mailed an additional copy of the [57] Order to Mueller at that address. Over one month has passed and the Order mailed to Mueller's new address has not been returned to the Court as undeliverable. Mueller has not notified the Court that he wishes to withdraw his Letter Motion, and he has not filed an amended Motion using the correct 2255 form. As a result, the Court has reviewed Mueller's Letter Motion as filed and considered it as a 2255 Motion. *See*

*Padilla v. United States*, 416 F.3d 424, 425-26 (5th Cir. 2005) (explaining that "section 2255 provides the primary means of collaterally attacking a federal sentence and is the appropriate remedy for errors that occurred at or prior to the sentencing").

## BACKGROUND

Mueller pled guilty to one count of possession of a firearm in furtherance of a drug trafficking crime in violation of 18 U.S.C. § 924(c)(1)(A) and one count of felon in possession of a firearm in violation of 18 U.S.C. § 922(g)(1). The Plea Agreement signed by Mueller states, "Defendant understands that the penalty for the offense charged in Count 3 of the superseding indictment, charging a violation of Title 18, United States Code Section 924(c), is not less than 5 years to life in prison *consecutive to any other sentence . . . .*" (Plea Agreement at 1, ECF No. 40) (emphasis added). It also explained that he agreed to waive "the right to contest the conviction and sentence or the manner in which the sentence was imposed in any post-conviction proceeding, including but not limited to a motion brought under Title 28, United States Code, Section 2255 . . . ." (*Id.* at 5). However, Mueller reserved the right to raise ineffective assistance of counsel claims. (*Id.*)

On June 17, 2019, the Court sentenced Mueller to 60 months of imprisonment for the violation of § 924(c)(1)(A) and 100 months of imprisonment for the violation of § 922(g)(1). Pursuant to 18 U.S.C. § 924(c)(1)(D)(ii), the Court further determined that the 60-month term shall run consecutive to the 100-month term of imprisonment, for a total of 160 months. The Court also imposed

concurrent terms of supervised release of 5 years for the §924(c)(1)(A) violation and 3 years for the § 922(g)(1) violation. Mueller did not appeal his conviction or sentence.

On February 11, 2022, Mueller filed a Motion to Appoint Counsel, and he expressed concerns about the consecutive sentence imposed. The Court denied Mueller's Motion by a Text Only Order entered on February 14, 2022. The Court also explained that Mueller's two terms of imprisonment cannot be served concurrently pursuant to 18 U.S.C. § 924(c)(1)(D)(ii).

Mueller filed the present [56] Letter Motion on July 12, 2022. He argues that the Court should not have imposed a consecutive sentence because he did not brandish or discharge the firearm at issue, and he did not threaten or intimidate anyone with the firearm. He also asserts that his attorney "should not have let [him] agree to consecutive prison time." (Mot. at 2, ECF No. 56).

## DISCUSSION

28 U.S.C. § 2255(a) provides for relief where: (1) "the sentence was imposed in violation of the Constitution or laws of the United States;" (2) "the court was without jurisdiction to impose such sentence;" (3) "the sentence was in excess of the maximum authorized by law;" or (4) the sentence is otherwise "subject to collateral attack." Rule 4(b) of the Rules Governing Section 2255 Proceedings requires courts to conduct a preliminary review of a section 2255 motion, and "[i]f it plainly appears from the motion, any attached exhibits, and the record of the prior proceeding that the moving party is not entitled to relief, the judge must dismiss the motion."

Pursuant to this rule, the court may *sua sponte* raise both the statute of limitations, *see Kiser v. Johnson*, 163 F.3d 326 (5th Cir. 1999), and a plea agreement's waiver of the right to pursue § 2255 collateral relief, *see United States v. Del Toro-Alejandre*, 489 F.3d 721, 723 (5th Cir. 2007).

Section 2255 Motions are subject to a one-year statute of limitations. 28 U.S.C. § 2255(f). In the present case, this limitation period began to run from the date on which the judgment of conviction became final. *See id.* Since Mueller did not file a direct appeal, his conviction became final on the date when the time for filing a direct appeal expired, which was July 1, 2019. *See United States v. Scruggs*, 691 F.3d 660, 669 (5th Cir. 2012); *see also* Fed. Rule App. Proc. 4(b)(1) (providing that defendant has fourteen days from entry of judgment in which to file notice of appeal). Mueller filed the present Motion over three years after his judgment of conviction became final, on July 12, 2022, and he has not presented any arguments or evidence supporting equitable tolling. Therefore, his motion to vacate his sentence is barred by the statute of limitations.

Furthermore, "[a]fter conviction and exhaustion or waiver of any right to appeal, courts are entitled to presume a defendant to be fairly and finally convicted." *United States v. Pierce*, 959 F.2d 1297, 1301 (5th Cir. 1992). Thus, a post-conviction petitioner can only challenge his conviction on constitutional or jurisdictional grounds and may not raise an issue for the first time on collateral review without showing "cause" for his procedural default in not raising the issue earlier and "actual prejudice" resulting from the error. *Id.* Mueller did not appeal

his sentence, and he has not explained the cause for this failure or demonstrated prejudice. This procedural default is an additional ground for denying Mueller's Motion.

Mueller also waived his right to contest his sentence when he pled guilty. *See United States v. Wilkes*, 20 F.3d 651, 653 (5th Cir. 1994) ("As a general matter, . . . an informed and voluntary waiver of post-conviction relief is effective to bar such relief.") Only an ineffective assistance of counsel claim would survive the waiver. (Plea Agreement at 5, ECF No. 40) (emphasis added).

Finally, Mueller's claims are not well taken when considered on the merits. The Court was required to impose a consecutive sentence pursuant to 18 U.S.C. § 924(c). The statute provides:

> Except to the extent that a greater minimum sentence is otherwise provided by this subsection or by any other provision of law, any person who, during and in relation to any crime of violence **or drug trafficking crime** (including a crime of violence or drug trafficking crime that provides for an enhanced punishment if committed by the use of a deadly or dangerous weapon or device) for which the person may be prosecuted in a court of the United States, uses or carries a firearm, or who, in furtherance of any such crime, possesses a firearm, shall, **in addition to the punishment provided for such crime of violence or drug trafficking crime. . . be sentenced to a term of imprisonment of not less than 5 years** . . . .

18 U.S.C. § 924(c)(1)(A)(i) (emphasis added). The statute further provides:

> Notwithstanding any other provision of law . . . no term of imprisonment imposed on a person under this subsection shall run concurrently with any other term of imprisonment imposed on the person, including any term of imprisonment imposed for the crime of violence or drug trafficking crime during which the firearm was **used, carried, or possessed**.

18 U.S.C. § 924(D)(ii) (emphasis added). Mueller claims that this portion of the statute should not have applied because he did not brandish or discharge the firearm or otherwise threaten any one with the firearm. However, the statute merely requires a finding that Mueller committed a "drug trafficking crime during which the firearm was used, carried, or possessed."[1] 18 U.S.C. § 924(D)(ii). Since mere possession of a firearm is sufficient, the statute applies, and the Court was not permitted to impose a concurrent sentence.

## CONCLUSION

For the foregoing reasons, Mueller's Motion to Vacate his sentence is denied.

**IT IS THEREFORE ORDERED AND ADJUDGED** that the [56] Letter Motion filed by the defendant Charles Keith Mueller, which the Court construed as a Section 2255 Motion is **DENIED**.

**SO ORDERED AND ADJUDGED** this the 27th day of September, 2022.

*s/ Louis Guirola, Jr.*
LOUIS GUIROLA, JR.
UNITED STATES DISTRICT JUDGE

---

[1] "For purposes of this subsection, the term 'drug trafficking crime' means any felony punishable under the Controlled Substances Act (21 U.S.C. 801 et seq.), the Controlled Substances Import and Export Act (21 U.S.C. 951 et seq.), or chapter 705 of title 46." 18 U.S.C. § 924(c)(2).