IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
SOUTHERN DIVISION

**UNITED STATES OF AMERICA**

v.  CRIMINAL NO. 1:18CR157-LG-JCG-1
  CIVIL NO. 1:22CV173-LG

**CHARLES KEITH MUELLER**

### ORDER DENYING DEFENDANT'S MOTION TO RECONSIDER

**BEFORE THE COURT** is Defendant Charles Keith Mueller's [62] Motion to Reconsider this Court's [59] Order denying his Letter Motion to Vacate Sentence pursuant to 28 U.S.C. §2255. For the reasons that follow, the Court finds that the portion of Mueller's Motion seeking reconsideration of this Court's Order denying Mueller's [56] § 2255 Motion on the merits should be denied as a successive Motion to Vacate, Set Aside, or Correct Sentence under 28 U.S.C. § 2255. The remainder of Mueller's Motion to Reconsider is denied pursuant to Fed. R. Civ. P. 59(e).

### BACKGROUND

On July 12, 2022, Mueller filed a [56] Letter Motion claiming that the Court improperly imposed a consecutive sentence pursuant to 18 U.S.C. § 924(c). The Court entered an [57] Order taking the Motion under advisement on July 15, 2022. The Court advised Mueller that it intended to construe his Letter Motion as a motion to vacate, set aside, or correct sentence under 28 U.S.C. § 2255. The Court cautioned Mueller that defendants are only permitted to file one § 2255 motion unless a panel of the United States Court of Appeals for the Fifth Circuit first certifies that the second or successive motion contains

> (1) newly discovered evidence that, if proven and viewed in light of the evidence as a whole, would be sufficient to establish by clear and convincing evidence that no reasonable factfinder would have found the movant guilty of the offense; or
>
> (2) a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable.

*See* 28 U.S.C. § 2255(h). The Court imposed a deadline of August 15, 2022, for Mueller to either withdraw the Letter Motion or file an amended 2255 motion using the correct form, which was provided to Mueller by the Clerk of Court.

The copy of the [57] Order mailed to Mueller was returned as undeliverable. Thereafter, the Clerk of Court obtained Mueller's new address and mailed the Order to that address. Approximately one month later, the Court noted that Mueller still had not complied with the Court's [57] Order after it was sent to the correct address. Therefore, it construed Mueller's Letter Motion as a section 2255 Motion. In its [59] Order, the Court held that Mueller's 2255 Motion was barred by the applicable statute of limitations. The Court further found that Mueller's Motion should be denied on the bases of procedural default and waiver. The Court also determined that Mueller's Motion was not well taken on the merits.

On October 17, 2022, Mueller filed the present Motion seeking reconsideration of this Court's [59] Order denying his [56] § 2255 Motion. He claims that he was prevented from timely filing an amended 2255 petition in accordance with this Court's [57] Order due to a prison transfer, a prison lockdown, and limitations on access to the prison law library and other legal assistance. All of the alleged hindrances detailed by Mueller occurred after his recent transfer to United

States Penitentiary Coleman 2, which appears to have occurred after he filed his [56] Letter Motion in July 2022.

## DISCUSSION

A motion for reconsideration under Fed. R. Civ. P. 59(e) represents a request for "an extraordinary remedy that should be used sparingly." *Templet v. HydroChem Inc.*, 367 F.3d 473, 479 (5th Cir. 2004). A court will grant such a motion: "(1) where there has been an intervening change in the controlling law; (2) where the movant presents newly discovered evidence that was previously unavailable; or (3) to correct a manifest error of law or fact." *Demahy v. Schwarz Pharma, Inc.*, 702 F.3d 177, 182 (5th Cir. 2012) (citing *Schiller v. Physicians Res. Group. Inc.*, 342 F.3d 563, 567 (5th Cir. 2003)).

In some circumstances, a motion for reconsideration constitutes an unauthorized successive § 2255 motion. The Fifth Circuit has held that the reasoning set forth in *Gonzalez v. Crosby*, 545 U.S. 524 (2005), should be applied to make this determination. *Williams v. Thaler*, 602 F.3d 291, 303-04 (5th Cir. 2010). Pursuant to this reasoning, "a motion that seeks to add a new ground for relief" is an unauthorized successive § 2255 motion, as is "a motion that attacks the federal court's previous resolution of a claim on the merits . . . ." *Id.* at 302 (quoting *Gonzalez*, 545 U.S. at 531-32). However, when a motion "attacks, not the substance of the federal court's resolution of a claim on the merits, but some defect in the integrity of the federal habeas proceedings, courts should not construe the motion as a second or successive petition." *Id.* In other words, the claim must be that the

alleged error precluded a merits determination of the underlying habeas claim. *Gonzalez*, 534 U.S. at 532 & n.4.

Before a second or successive § 2255 motion may be filed in the district court, the movant must request an order authorizing the district court to consider the motion from the Fifth Circuit Court of Appeals. *Williams*, 602 F.3d at 301; *see also* 28 U.S.C. § 2255(h); 28 U.S.C. § 2244(b)(3)(A) & (C). A petitioner's failure to seek authorization from an appellate court before filing a second or successive § 2255 motion "acts as a jurisdictional bar." *Williams*, 602 F.3d at 301 (quoting *United States v. Key,* 205 F.3d 773, 774 (5th Cir. 2000)).

Here, the Court reached the merits of Mueller's Motion and did not solely deny the Motion on procedural grounds. Mueller now seeks reconsideration of that determination, and he appears to seek permission to assert new claims of ineffective assistance of counsel. The Court does not have jurisdiction to reconsider its determination that a consecutive sentence was properly imposed pursuant to 18 U.S.C. § 924(c) because Mueller's request for the Court to reconsider that decision is an unauthorized, successive § 2255 petition.

Mueller's request for reconsideration so that he can raise new claims of ineffective assistance of counsel is most likely not a successive petition because Mueller claims that various prison regulations prevented him from filing an amended § 2255 Motion that included all of his § 2255 claims. Nevertheless, Mueller's Motion seeking reconsideration so that he can file these new claims must be denied pursuant to Fed. R. Civ. P. 59(e) because the claims are barred by the

statute of limitations. Although Mueller has described prison procedures that recently prevented him from timely complying with Court orders, he has not explained why he did not file his 2255 claims before the statute of limitations expired on July 1, 2020.[1] See 28 U.S.C. § 2255(f) (imposing a one-year statute of limitations for § 2255 claims). As a result, it would be futile for the Court to amend its prior Order to permit Mueller to file untimely § 2255 claims of ineffective assistance of counsel.

**IT IS THEREFORE ORDERED AND ADJUDGED** that the [62] Motion to Reconsider filed by Defendant Charles Keith Mueller is **DENIED**.

**SO ORDERED AND ADJUDGED** this the 1st day of November, 2022.

s/ *Louis Guirola, Jr.*
LOUIS GUIROLA, JR.
UNITED STATES DISTRICT JUDGE

---

[1] As this Court explained in its prior [59] Order, which is incorporated herein by reference, Mueller's conviction became final on July 1, 2019. Thus, his deadline for filing a section 2255 Motion was July 1, 2020. *See* 28 U.S.C. § 2255(f). His first § 2255 Motion was filed over two years later, on July 12, 2022.